UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 18cr10323 |
| | ) |
| MICHAEL H. TRAN, | ) VIOLATIONS: |
| | ) |
| Defendant. | ) Conspiracy to Commit Wire Fraud |
| | ) (18 U.S.C. § 1349) |
| | ) |
| | ) Wire Fraud |
| | ) (18 U.S.C. § 1343) |
| | ) |
| | ) Aiding and Abetting |
| | ) (18 U.S.C. § 2) |
| | ) |
| | ) Forfeiture Allegation |
| | ) (18 U.S.C. § 981(a)(1)(C) |
| | ) and 28 U.S.C. § 2461(c)) |

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. MICHAEL H. TRAN ("TRAN") was an individual who resided in Woonsocket, Rhode Island.

2. Co-Conspirator-1 ("CC-1") was an individual who resided in Bellingham, Massachusetts.

3. TRAN and CC-1 were childhood friends.

4. Company A was a company based in Bellingham, Massachusetts. Company A

1

had two owners, a small number of employees and specialized in the manufacturing of precision machine parts. From in or about and between December 2013 and May 2016, CC-1 worked at Company A as a production manager and had the authority to use the company's credit cards to purchase parts, tools and equipment for Company A.

5. MHT Enterprise was a non-existent company associated with TRAN purportedly involved in the purchase and sale of precision machine parts, tools and equipment.

6. PayPal is a global payment processor business that allows customers to make payments and otherwise transfer money through the internet.

### Overview of the Conspiracy and the Scheme to Defraud

7. Beginning in or about December 2013, and continuing until at least May 2016, TRAN and CC-1 agreed to engage, and did engage, in a scheme to defraud Company A of over a million dollars. As part of the conspiracy and the scheme to defraud, CC-1 falsely and fraudulently told the owners of Company A that he was purchasing equipment for the company using his PayPal account – which was linked to Company A's credit cards. Instead of making payments for the purchase of equipment however, CC-1 used his PayPal account to pay TRAN who withdrew the money in cash and used it to pay for personal items and expenses.

### Objectives of the Conspiracy

8. The primary object of the conspiracy was for TRAN and CC-1 to embezzle funds from Company A through PayPal transactions that TRAN and CC-1 disguised as legitimate purchases of machine parts, tools and equipment parts for Company A

## Manner and Means of the Conspiracy and Scheme to Defraud

9. Among the manner and means by which TRAN and CC-1 sought to accomplish the objects of the conspiracy and the scheme to defraud were the following:

10. In or about 2013, CC-1 told the owners of Company A that he could purchase the parts and equipment for Company A from eBay less expensively than from the vendors Company A had been using.

11. From in or about December 2013 until in or about April 2016, CC-1 used his PayPal account to cause the payment of hundreds of thousands of dollars in funds to TRAN that CC-1 falsely told the owners and employees of Company A were for the purchase of parts, tools and equipment. Based on CC-1's false representations to its owners and employees, Company A paid for these PayPal transactions by paying the credit cards bills that were associated with CC-1's PayPal account.

12. Each of the PayPal payments CC-1 made to TRAN were made under the name MHT Enterprise and were in fact not used to purchase parts and equipment for Company A. Instead, TRAN withdrew a substantial portion of the funds in ATM cash withdrawals and for personal items and expenses.

13. TRAN and CC-1 concealed the fraud by submitting fraudulent invoices and purchase orders to Company A in the name of non-existent vendor companies such as "A Plus Tool Supply," "Good-Luck-Bargains," and "MHT Industrial." TRAN further concealed the fraud by changing the settings in his PayPal account associated with each payment to make it appear as if the payments were made from CC-1's Paypal account to legitimate vendors so that

Company A's credit card statements would match the vendor names on the fraudulent invoices that CC-1 and TRAN submitted to Company A.

### Acts in Furtherance of the Conspiracy and the Scheme to Defraud

14. Set forth below are examples of acts that TRAN and CC-1 took in furtherance of the conspiracy and the scheme to defraud:

15. On or about April 29, 2016, at approximately 6:52 p.m., TRAN changed the vendor/payee information in his PayPal account from "MTA INDUSTRIAL" to "MEDFORD TOOLS." Thereafter, at approximately 7:20 p.m., using his PayPal Account, which was linked to Company A's credit cards, CC-1 caused a payment to be made in the amount of $479.90 to TRAN's PayPal Account under the name "MHT Enterprise." The purported purpose of the payment was to purchase machine parts from Medford Tools for Company A even though no sale or delivery of equipment ever took place.

16. In order to conceal the fraud, CC-1 provided Company A with a fraudulent invoice/purchase order that purported to be from Medford Tools in the amount of $479.90 and for the purchase of one "BIG PLUS BVC40MEGA-ER 16-4 ER 16 CHUCK X 4" PORJECION" for a purchase price of $465.00 and a $14.90 shipping/handling fee.

17. In or about May 2016, CC-1 falsely told a private investigator hired by Company A to audit CC-1's PayPal transactions that he was purchasing parts and equipment from TRAN through TRAN's company, MHT Enterprise.

## COUNT ONE
### (Conspiracy to Commit Wire Fraud – 18 U.S.C. § 1349)

18.  The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 17 of this Indictment and further charges that:

19.  Beginning in or about December 2013 and continuing through in or about May 2016, in the District of Massachusetts and elsewhere,

**MICHAEL H. TRAN,**

defendant herein, together with others known and unknown to the Grand Jury, did conspire to commit wire fraud, that is, having knowingly and willfully devised, and intended to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds, for the purpose of executing the scheme and artifice to defraud, in violation of 18 U.S.C. § 1343.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH SIX
(Wire Fraud - 18 U.S.C. § 1343; Aiding and Abetting - 18 U.S.C. § 2)

20. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 17 of this Indictment and further charges that:

21. On or about the dates and times set forth below, in the District of Massachusetts and elsewhere,

**MICHAEL H. TRAN,**

defendant herein, having knowingly and willfully devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, specifically PayPal transactions from CC-1 in Massachusetts to TRAN in Rhode Island:

| Count | Approximate Date | Approximate Time | Amount | Purported Vendor as Entered in PayPal |
|---|---|---|---|---|
| 2 | 04/25/2016 | 04:14 PM | $447.59 | Superior Machine Tools |
| 3 | 04/26/2016 | 06:59 PM | $634.10 | Best CNC |
| 4 | 04/26/2016 | 07:31 PM | $629.88 | MHT Industrial |
| 5 | 04/29/2016 | 07:20 PM | $479.90 | Medford Tool |
| 6 | 04/29/2016 | 07:26 PM | $337.95 | Medford Tool |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION
## (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

22. Upon conviction of one or more of the offenses alleged in Counts One through Six in the Indictment,

**MICHAEL H. TRAN,**

defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such violations. The property to be forfeited includes, but is not limited to a sum of money equal to the total amount of money involved in the offense, which may be entered in the form of a money judgment.

23. If any of the property described in paragraph 22 above, as a result of any act or omission of the defendants,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 22.

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


_____
Neil J. Gallagher, Jr.
Assistant United States Attorney


DISTRICT OF MASSACHUSETTS; September 18, 2018

Returned into the District Court by the Grand Jurors and filed.

_____ @ 12:41pm
DEPUTY CLERK

8