UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 18-10323-NMG |
| ) | |
| MICHAEL H. TRAN ) | |
| ) | |
| Defendant ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**GORTON, D.J.**

WHEREAS, on September 18, 2018, a federal grand jury sitting in the District of Massachusetts returned a six-count Indictment, charging defendant Michael H. Tran (the "Defendant"), with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count One), and Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts Two through Six);

WHEREAS, the Indictment also included a forfeiture allegation, pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c) which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Six of the Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to such violations. The property to be forfeited includes, but is not limited to a sum of money equal to the total amount of money involved in the offense, which may be entered in the form of a money judgment;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in

value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on August 6, 2019, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Six of the Indictment, pursuant to a written plea agreement that he signed on July 18, 2019;

WHEREAS, in Section 6 of the plea agreement, the Defendant agreed to forfeit to the United States $1,284,792 in United States currency on the grounds that such amount is equal to the amount of proceeds derived from the offense, as a result of his guilty plea;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on August 6, 2019, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $1,284,792 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, the amount of $1,284,792 in United States currency constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. §§ 1343, and 1349; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant, shall forfeit to the United States the sum of $1,284,792 in United States currency, pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

_____
NATHANIEL M. GORTON
United States District Judge

Dated: 9/18/19